IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00062-CR

No. 10-06-00063-CR

 

Richard Anthony White,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court Nos. 03-00042-CRF-272
& 03-00043-CRF-272

 



MEMORANDUM  Opinion



 








            Richard Anthony White pleaded guilty
to two charges of forgery.  The court sentenced White to fifteen months in a
state jail on each charge.  In one point, White contends that the court
sentenced him without first finding him guilty.  The State argues that White
failed to preserve this complaint for appeal.  We agree with the State.  

At
the plea hearing, the court stated: “I’m not going to find you guilty, but I am
going to find that there is enough evidence to find you guilty.”  At the
punishment hearing, the court mistakenly stated that it had previously found
White guilty.  White did not object to the court’s statements or request
clarification at either the plea hearing or the punishment hearing.  Neither
did White notify the court of any such complaints in his motion for new trial. 

“A court’s
mistaken assumption that what usually happens in a case had happened in this
case, is not an event that may be complained of for the first time on appeal.” 
Aldrich v. State, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003).[1] 
We
“will not consider any error which counsel for accused could have called, but
did not call, to the attention
of the trial court at the time when such error could have been avoided or corrected
by the trial court.”  Rogers v. State, 640 S.W.2d
248, 264 (Tex. Crim. App. 1982); In re C. C., 13 S.W.3d 854, 858 (Tex. App.—Austin 2000, no pet.).  Accordingly, White has failed to preserve his
complaint for appellate review.  See Aldrich, 104 S.W.3d at
895; see also Tex. R. App. P.
33.1; Rogers, 640 S.W.2d at 264; C. C., 13 S.W.3d at 858.  We overrule
White’s sole point of error and affirm the trial court’s judgment in both
appeals.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,                                                      

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed June 27, 2007 

Do not publish

[CR25]           









[1]               In Aldrich v. State, a “visiting
judge mistakenly thought that the judge who took the guilty plea three weeks
earlier had found the defendant guilty as she pleaded.”  104 S.W.3d 890, 894 (Tex. Crim. App. 2003).